**In re STARRETT et al.**

**LEVERING & GARRIGUES CO. et al. v. MORRIN et al.**

District Court, S. D. New York.

July 11, 1930.

Edward Maxson, of New York City, Merritt Lane, of Newark, N. J., and James C. Higgins, of New York City, for plaintiffs.

Frank P. Walsh, of New York City, for defendants.

BONDY, District Judge.

This is a motion to punish Paul J. Morrin, Theodore M. Brandle, and Paul Starrett for having disobeyed an order of this court. The order was made in an action brought by Levering & Garrigues Company, Hedden Iron Construction Company, Hay Foundry & Iron Works, Inc., and McClintic-Marshall Company, to enjoin the International Association of Bridge, Structural & Ornamental Ironworkers, the said Paul J. Morrin, individually and as president of that association, and others named in the order, their agents, representatives, and employees, but not specifically Paul Starrett or Theodore M. Brandle, "from inducing, or attempting to induce owners, architects or general contractors to let no subcontracts to plaintiffs for the erection of structural iron and steel on buildings now being, or to be, erected, in the Metropolitan District of New York by sending to them circulars or other writings, stating, threatening, warning or intimating, or by personally or in any other manner stating, threatening, warning or intimating that members of the unions associated with the International may or will refuse to work on buildings upon which plaintiffs have or may have subcontracts, or by ordering, instigating, carrying on or supporting sympathetic strikes on buildings upon which plaintiffs have or may have subcontracts, or from otherwise attempting by coercive pressure, threats and intimidation or other unlawful means to compel or influence owners, architects and general contractors not to patronize the plaintiffs."

Empire State, Inc., contracted with Starrett Bros., Inc., general contractors, for the erection of the Empire State Building. Paul Starrett, the president of Starrett Bros., Inc., informed the president of Empire State, Inc., and the president of Empire State, Inc., and the vice president of Starrett Bros., Inc., informed the said Morrin, general president of the International, and the said Brandle, a member of the International Association and business representative of one of its local unions, that only union ironworkers would be employed in the erection of iron and steel for the building.

Thereafter, Starrett Bros., Inc., made a subcontract with Post & McCord, Inc., for the structural steel work. Post & McCord, Inc., is a member of the Structural Steel Board of Trade, Inc., the members of which operate what is known as an open shop and do not employ exclusively union labor. The plaintiffs above named are also members of this Board of Trade. Post & McCord, Inc., though a member of this board, was not a plaintiff or otherwise a party to the suit in which the injunction was issued.

On hearing that a subcontract for the erection of the steel was awarded to Post & McCord, Inc., and that Post & McCord, Inc., was employing other than union ironworkers in the erection of the Empire State Building, the International directed its members and its local units to quit work on jobs throughout the United States under construction by Starrett Bros., Inc., other than the Empire State Building.

The affidavits in support of the motion also allege that the said Paul Starrett told the chairman of the board of directors of the Structural Steel Board of Trade, Inc., that, if the said Structural Steel Board of Trade, Inc., did not at once enter into negotiations with the Ironworkers' Union to perfect an

agreement between the board and the union, Starrett Bros., Inc., would be compelled to throw Post & McCord, Inc., off the Empire State Building.

Paul J. Morrin and Theodore M. Brandle deny that they ever violated the terms of the injunction, and that either of them at any time directly or indirectly induced or attempted to induce any owner, architect, or general contractor not to let subcontracts to any of the parties plaintiff in the injunction proceedings. They point out that the present strike is confined solely to Starrett Bros., Inc., and does not include any of the said plaintiffs, and that it has been the practice of the International and members thereof to refuse to work for contractors who are "unfair" to the union by employing union workers in one territory and refusing to employ them, or employing nonunion workers, in another locality, or who violate agreements made with the association in any part of the country, and that a strike was called only upon buildings other than the Empire State Building upon which union members were erecting steel for Starrett Bros., Inc., and that their local unions in said cities withdrew their labor and services from said Starrett Bros., Inc., and left their work, as it was their right as individual citizens and as members of the union to do, when Starrett Bros., Inc., in violation of the understanding and agreements referred to, began the erection of structural steel upon the Empire State Building with workmen who are not members of the International Association.

The coercion used by the respondents to compel Starrett Bros., Inc., to keep their promise and to compel Post & McCord, Inc., to use union ironworkers exclusively on the building, or to relinquish the contract, does not violate the order which enjoins the respondents from inducing or attempting to induce owners or contractors not to subcontract with the parties plaintiff in the injunction suit. None of the plaintiffs had any contract for any of the work on the Empire State Building.

From the fact that the respondents are using pressure against Starrett Bros., Inc., to make them terminate the contract with Post & McCord, Inc., or to compel Post & McCord, Inc., to employ union labor, it does not follow that any of the respondents would violate the order of the court if a subcontract had been made or would be made with any of the plaintiffs.

The president of Empire State, Inc., and the president of Starrett Bros., Inc., had promised that union labor would be employed exclusively in the erection of the building. The coercive action has been taken by the respondents to compel compliance with a promise, and not to injure subcontractors by the coercion of innocent third parties, to prevent which the injunction was issued.

Even if the defendants acted unlawfully as to Post & McCord, Inc., or Starrett Bros., Inc., and injunctive relief may be obtainable against them, it does not follow that the respondents have violated the express terms or spirit of the injunction now in force against them.

The motion therefore must be denied.